IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,406-02






EX PARTE ADAM TALAMANTEZ SILVA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05-2274 IN THE 106TH DISTRICT COURT


FROM GARZA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted murder
and assault-family violence. He was sentenced to fifty and twenty years' imprisonment, respectively. 
The Amarillo Court of Appeals affirmed his convictions. Silva v. State, 07-05-00423-CR, 2006 Tex.
App. LEXIS 5661 (Tex. App.-Amarillo June 29, 2006, pet. ref'd) (not designated for publication).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he did not notify him of the State's intent to enhance his punishment while an 8-year plea offer was
available, did not stipulate to a prior assault used to elevate the charged assault to a felony, conceded
guilt for the assault in closing argument, and did not call the complainant's cousin to testify and rebut
the complainant's allegation that applicant choked her. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to when the State notified trial counsel that it
would seek enhanced punishment if and when trial counsel communicated the State's intentions
regarding enhanced punishment to Applicant, and if trial counsel advised Applicant of the applicable
range of punishment. The trial court shall make findings of fact as to whether a plea offer for 8 years'
punishment was still available when the State notified trial counsel of their intention to pursue
enhanced punishment. The trial court shall make findings of fact as to whether details of Applicant's
prior assault conviction were admitted into evidence and, if so, whether trial counsel could have
stipulated to the conviction to prevent the details from reaching the jury. The trial court shall make
findings of fact as to whether trial counsel conceded guilt for the assault-family violence allegation
during closing argument. The trial court shall make findings of fact as to whether trial counsel
discovered Chris Bilberry's statement, whether Bilberry testified or was available to testify, and
whether his testimony would have rebutted the complainant's allegations with respect to Applicant's
intent to murder. The trial court shall make findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 25, 2009

Do not publish